STATE OF NEBRASKA EX REL. NEBRASKA STATE BAR ASSOCIATION, RELATOR, V. CHARLES P. SCHAFER, RESPONDENT.

453 N.W.2d 389

Filed March 30, 1990.   No. 87-455.

HASTINGS, C.J., BOSLAUGH, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

This is a disciplinary proceeding. The respondent has not filed a brief in support of his exceptions to the referee's report, and the relator has moved for a judgment on the pleadings.

On March 31, 1989, the Counsel for Discipline of the Nebraska State Bar Association filed with this court a showing alleging the following facts. Respondent was admitted to the practice of law in the State of Nebraska on September 4, 1970. On July 9, 1986, this court suspended respondent from the practice of law for failure to pay annual dues pursuant to article III, § 5, of the Rules Creating, Controlling and Regulating Nebraska State Bar Association (rev. 1981). On January 22, 1988, on grounds other than failure to pay his annual dues, this court entered an order suspending respondent from practicing law for a 1-year period.

On October 25, 1988, Thomas Davis suffered an injury at a Runza Drive Inn, a business insured by State Farm Fire and Casualty Company. On November 18, respondent telephoned Kathy Krause, the owner of the Runza Drive Inn, and informed her that he was an attorney representing Davis. Krause referred respondent to Ray Thompson, her State Farm insurance agent.

On that same day, respondent contacted Thompson in regard to Davis' claim and identified himself as an attorney. On November 22, respondent, in a telephone conversation with Timothy Gillespie, a senior claim representative for State Farm, stated that he was admitted to the practice of law in Nebraska and that he served as house counsel to a business in Omaha, Nebraska. On December 7, Gillespie met with respondent and Davis in regard to Davis' claim. At this meeting, respondent indicated to Gillespie that he was appearing as attorney for Davis.

In his answer, respondent denied having represented himself as Davis' attorney and as counsel for the Omaha business. A referee was appointed. Respondent subsequently filed an amended answer admitting most of the allegations in the showing. At a later hearing, respondent offered no evidence in the matter, but did offer as evidence in mitigation a drug assessment performed at United Catholic Social Services.

In his report, the referee noted that there was no question respondent committed the acts stated in the relator's showing. The critical question, according to the referee, is "whether or not the acts described in the Showing constitute the practice of law and, if so, whether there are sufficient extenuating or mitigating circumstances to justify a recommendation of a penalty less severe than the penalty of being disbarred permanently from the practice of law."

The referee concluded that respondent's actions clearly constitute the practice of law. The referee reviewed the alcohol and drug assessment, but noted that it offered no help as to mitigation. He also stated that respondent "was not present on either of the hearing dates set herein and has offered no competent evidence throughout this entire matter to show cause why he should not be disbarred as ordered to do by the Supreme Court of the State." The referee recommended that respondent be permanently disbarred from practicing law.

Respondent filed exceptions to the referee's report, but did not file a brief within 30 days as required by Neb. Ct. R. of Discipline 10(M) (rev. 1989). The relator has moved for judgment on the pleadings.

We have reviewed the referee's report and the pleadings,

including a recent letter from St. Gabriel's Center in Omaha indicating respondent is currently enrolled in a 28-day residential program for alcohol and drug addiction. We agree with the referee's recommendation that respondent be permanently disbarred from the practice of law. Accordingly, respondent is hereby permanently disbarred from the practice of law in the State of Nebraska.

JUDGMENT OF DISBARMENT.

WHITE, J., not participating.